The case states that Henry E. McCulloch, by his agent duly authorized, on the 6th day of February, 1767, contracted to sell and convey in fee simple two hundred acres of land, laying in Orange County, to Robert Ray, the testator; for which the said Robert agreed to pay the said Henry £ 72; and to secure the payment thereof gave the said Henry his bond, who at the same time executed to the said Robert a bond conditioned to convey to him the said land, when the aforesaid £ 72 should be paid, and put the said Robert into possession of the said land; who remained in possession of the same till his death, and his heirs have continued in possession thereof ever since. Nothing further (607) was done in execution of the contract before the passage of the act of confiscation, in which the said Henry was named. On the 14th day of October, 1792, George McCulloch, being duly authorized and empowered by the said Henry, executed to the said Robert a deed sufficient in legal form to convey to him the said land in fee simple; and at the same time delivered up to the said Robert his bond given as aforesaid; and the said Robert executed to him a bond for the penal sum of £ 222 2s.3d., conditioned to be void on the payment of £ 111 1s. 1d., with interest from the date. The said Robert died soon afterwards; and the said George instituted an action of debt in Hillsborough Superior Court of Law against the complainants, on the bond executed to him as aforesaid, which is still pending. The trustees of the University, by virtue of several acts of the General Assembly, claim the said land, as escheated or confiscated, and have given notice to the complainants accordingly.
If the said George is entitled to the money mentioned in the condition of the last bond, he may proceed at law; but if he is not, an injunction absolute and perpetual is to issue.
The question is, Will the court of equity interfere to prevent the defendant from recovering at law on this bond?
It is insisted by counsel for the plaintiffs that H. E. McCulloch's lands are confiscated by act of Assembly, therefore he cannot convey, and that the consideration of the bond has failed, therefore the plaintiffs are not bound to pay.
1st. It is to be considered whether the plaintiffs' interest, which he had acquired under the bond from H.E. McCulloch, was affected by the act declaring the lands of H. E. McCulloch confiscated and forfeited. *Page 512 
At the Revolution, the property of the land, within the bounds of the State, was vested in the community or citizens at large, saving the rights of individuals, thus the title and possession of the lands in this (608) State were irrevocable fixed, and so far as respected individuals, beyond the control of any future law, which the Legislature, then established, might thereafter enact; and a line was then drawn between the public and private property, never thereafter to be violated. By this instrument, then, Ray's possession to the lands, which he held under the contract aforesaid, was secured to him forever — what more was necessary for him? We are therefore of opinion that Ray's interest was not affected by any of the acts of Assembly.
2d. Is Ray bound to pay the money stipulated by him at the time of the sale; and if he is bound to pay it, who has a right to demand it? It is said that H. E. M. not having conveyed the legal title, as he had stipulated, he is not entitled to the consideration.
McCulloch was to convey when Ray paid or tendered the money; but it does not appear that Ray ever paid or tendered the money, as he might have done; therefore, there was no breach on the part of McCulloch. But it is said that McCulloch, by his own act, has disqualified himself to convey the estate. To this there are two answers:
1st. Nine years, or thereabouts, had elapsed before any inability was attached to McCulloch, in all which time Ray might have had a conveyance, on tendering or paying the money.
2d. It does not appear that McCulloch was disqualified by any act of his own, but by an act of the State, which he could not control; it is true that he might, within a limited time, by taking the oaths of allegiance to the State, become entitled to the privileges of a citizen; but as he was then resident in his native country, under the government of his lawful sovereign, then at war with this country, this measure might have been attended with difficulty, and a considerable degree of hazard; and his not having availed himself of this indulgence, was certainly no offense against the State, nor a breach of any law, either human or divine. We are therefore of opinion that H. E. McCulloch is not chargeable in equity of any breach of the contract on his part, and that Ray is bound at law, and as it appears to us, not less in equity, to pay the consideration. But it is contended that this payment should (609) be made to the State, in whom the legal estate is supposed to be vested, and who alone can convey it.
To this it is objected by the counsel for the defendant, and it appears to the Court that the objection is well supported. By the authority cited from 2 Powell, 70, on executory contracts, where, after citing a number of cases on the subject, he draws this conclusion: "But the true principle seems to be that, in equity, if the party agreeing to convey *Page 513 
have a good title, and be able so to do at the time of the bargain entered into, and be clear from the imputation of delay in performing his part of the agreement, the contract is there considered as then executed; the subsequent conveyance being only matter of form, the substance being the bargain." This appears to come fully up to the present case.
1st. McCulloch, the party agreeing to convey, had a good title, and was able to convey at the time of the bargain entered into.
2d. It does not appear that any delay was imputed to him in performing his part of the contract.
The 4th section of the treaty with Great Britain, respecting British creditors, is likewise relied on by the counsel for the defendants. This proves that whatever claim the State may have to the lands of British subjects, it can have none to the debts due to them. This appears to us to be a bona fide debt due to a British subject, contracted before the Revolution, on an equitable consideration; for we consider the new bond taken by George McCulloch, in the same condition as that given to Henry Eustace McCulloch, it being founded on the original contract, and for the same consideration. We would ask, What has the State to give in return for this money? It must be answered, nothing which can be useful to Ray; any conveyance which the State can make to him will not put him in a better condition than he is at present; the State would, therefore, receive the money without any valuable consideration; the most it can pretend to is a mere naked right without an (610) interest.
It might be observed that the claim of the University to the land is barred by the possession which Ray holds under the conveyance from George McCulloch, which is of more than seven years continuance.
Thus, it appears to us that Ray's right to the land is secured by the Constitution and act of limitation; McCulloch's right to recover the money is secured by the 4th article of the British treaty; that, therefore, the money must be paid to McCulloch, from whom the consideration was received — or to no one.
Upon the whole, we are of opinion that Ray, having on his part received the full benefit of his contract with McCulloch, he has no equitable claim on the interference of this Court to screen him from a discharge of his part of the contract, and that being in possession of the substance, he may remain indifferent with respect to the form or a shadow. Therefore, that no injunction issue, and the bill be dismissed with costs.
NOTE. — See on the second point, McNair v. Ragland, 16 N.C. 516. *Page 514